IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN WALTER GERMAINE,[1]

                       Plaintiff,

    v.

MARIKA NYMAN ST. GERMAIN,
E. ROSS ZIMMERMAN, BRIAN J. COOKE,
BUCKINGHAM DOOLITTLE & BURROUGHTS, LLP,
TD AMERITRADE, WACHOVIA SECURITIES,
AMERICAN FAMILY CREDIT UNION and
VIRGINIA UTLEY,

                       Defendants.

OPINION and ORDER

10-cv-515-slc[2]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 9, 2010, pro se plaintiff John Walter Germaine filed this civil action in the Eastern District of Wisconsin and paid the filing fee in full. He filed an amended complaint on May 26, 2010, adding several new defendants. Over the new few months, each defendant except American Family Credit Union filed or joined motions to dismiss on various grounds,

---

[1] Plaintiff lists Xiaohong Zhang-Germaine as a co-plaintiff, but I have omitted her name from the caption because she did not sign the complaint and "one pro se litigant cannot represent another." Nocula v. UGS Corp., 520 F.3d 719, 725 (7th Cir. 2008)

[2] I assuming jurisdiction over this case for the purpose of this order.

1

including lack of subject matter jurisdiction, lack of personal jurisdiction and failure to state a claim upon which relief may be granted. On September 9, 2010, the court transferred the case to the Western District of Wisconsin under 28 U.S.C. § 1404 on the court's own motion, without addressing any of the pending motions. Although none of the defendants are located in this district, the court in the Eastern District concluded that the Western District was more convenient because plaintiff resides here.

Plaintiff's amended complaint is difficult to follow because it is written as if the reader is already familiar with the facts of the case. However, I can infer from the amended complaint that plaintiff is suing the defendants for the role he believes they played in two events: (1) divorce proceedings in Florida between plaintiff's brother, William St. Germain, and defendant Marika Nyman St. Germain (plaintiff does not explain the difference in spelling between his last name and his brother's); and (2) his brother's death, which occurred in Wisconsin. With respect to the divorce proceedings, plaintiff seems to believe that the Florida state court was unfair to his brother in dividing the assets. E.g., Am. Cpt. at 5 ("The disposition of marital assets is one sided."); id. at 7 ("The Florida court . . . made bogus judgments and unequal distribution of marital assets, personal assets and liabilities based on prohibited factors.").

Throughout his filings plaintiff refers to the Florida court as "the lower court" and seems to assume that federal courts have the authority to review and set aside state court

2

judgments. Plaintiff is wrong about that, but he has another problem as well. The general rule is that a person cannot appeal a judgment in a case to which he is not a party. Marino v. Ortiz, 484 U.S. 301, 304 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled."). Even if I assume that plaintiff has standing to challenge the Florida court's judgment, that does not mean that plaintiff can bring a federal lawsuit simply because he is unhappy with the result in state court.

Federal district courts do not have the power to review state court decisions in civil actions. It has been established for almost a century that "lower federal courts lack jurisdiction to review the decisions of state courts in civil cases." Gilbert v. Illinois State Bd. of Education, 591 F.3d 896, 900 (7th Cir. 2010) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). The reason for this is simple: "Congress has granted the power to engage in appellate review of state court judgments only to the Supreme Court." Id. This jurisdictional bar applies even though "the state court judgment might be erroneous or even unconstitutional." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996). In this case, plaintiff is challenging the legality of a state court judgment in a divorce proceeding. That is an "injur[y] caused by [a] state-court judgmen[t] rendered before the district court proceedings commenced and inviting district court review and rejection of

3

th[at] judgmen[t]." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Accordingly, plaintiff's challenge to the judgment of the divorce proceeding must be dismissed for lack of jurisdiction.

With respect to the death of plaintiff's brother, it is not clear whether plaintiff has standing as the deceased's sibling to bring a claim under the Wisconsin wrongful death statute. Wis. Stat. § 895.04 (sibling may bring claim for wrongful death only if he is personal representative of estate or deceased has no spouse, domestic partner, children or parents). Even if plaintiff has the right to sue under Wis. Stat. § 895.04, plaintiff includes no facts in his complaint suggesting that any of the defendants may be held liable for the death of his brother. Plaintiff's theory is not clear, but it seems to be that his brother had a number of health problems during the divorce proceedings and that the "stress of the trial" led to his death.

As many of the defendants point out, plaintiff has not included any allegations in his complaint showing that his brother's death is "fairly traceable" to any particular action of any of the defendants, as it must be to show that he has standing to sue under federal law. Bond v. Utreras, 585 F.3d 1061, 1068-69 (7th Cir. 2009). Even if plaintiff could get over the jurisdictional hurdle, participation in a divorce proceeding is not the sort of act that can form the basis of a wrongful death claim, for two reasons. First, such participation cannot be described as negligence and second, the relationship between the death and the

4

proceeding is too remote. E.g., Steffen v. Luecht, 2000 WI App 56, ¶¶ 37-39 233 Wis. 2d 475, 490, 608 N.W.2d 713, 720 (landlord could not be held liable for death of tenant who died of heart attack after eviction); Widell v. Tollefson, 158 Wis. 2d 674, 682, 462 N.W.2d 910, 912 (Ct. App. 1990) (landowner could not be held liable for death of neighbor who died of heart attack after attempting to move barricade landowner erected). Accordingly, this claim must be dismissed as well.

It is clear from plaintiff's amended complaint that he is grief stricken over the loss of his brother. Plaintiff's sense of loyalty is admirable and his frustration is understandable. When a person experiences such a loss, a lawsuit may seem to be the obvious way to seek vindication for the perceived wrong against the parties believed to be responsible. Unfortunately, however, there are many types of unfairness for which a federal lawsuit can provide no remedy. This is one such case. Although I cannot tell plaintiff how to deal with his grief, this lawsuit cannot bring any comfort or resolve any personal disputes he has with defendants.

ORDER

IT IS ORDERED that the motions to dismiss filed by defendants TD Ameritrade, dkt. #13, Marika Nyman St. Germain, dkt. #29, E. Ross Zimmerman, dkt. #36, Virgina Utley, dkt. #45, Buckingham Doolittle & Burroughts LLP and Brian Cooke, dkt. #50, and

5

Wachovia Securities, dkt. #68, are GRANTED.  This case is DISMISSED for lack of subject matter jurisdiction.

    Entered this 3d day of November, 2010.

                                     BY THE COURT:
                                     /s/
                                     BARBARA B. CRABB
                                     District Judge